Sun v. Lynch

BIA
A087 789 443

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand fifteen.

PRESENT:
        JON O. NEWMAN,
        BARRINGTON D. PARKER,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

_____

CHUAN HUI SUN,
        *Petitioner,*

        v.                                          14-2144
                                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,[*]
        *Respondent.*

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr., as the Respondent in this case.

**FOR PETITIONER:**          Yee Ling Poon; Deborah Niedermeyer, Of Counsel, Law Office of Yee Ling Poon, LLC, New York, New York.

**FOR RESPONDENT:**          Benjamin C. Mizer, Acting Assistant Attorney General; Katharine E. Clark, Senior Litigation Counsel; Christina J. Martin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chuan Hui Sun, a native and citizen of the People's Republic of China, seeks review of a May 29, 2014, denying his motion to reopen his removal proceedings. *In re Chuan Hui Sun,* No. A087 789 443 (B.I.A. May 29, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the BIA's denial of Sun's motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). It is undisputed that Sun's motion to reopen was untimely filed because the agency's final order of removal was entered in May 2013 and Sun did not file his motion to reopen until February 2014, well beyond the 90-day

2

deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The BIA did not err in declining to equitably toll the time period based on Sun's ineffective assistance of counsel claim.

In order to warrant equitable tolling, even assuming that prior counsel was ineffective, an alien is required to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). The BIA did not err in finding that Sun failed to demonstrate due diligence. He did not take any action to pursue reopening in the eight months that passed between the BIA issuing his final order of removal and his retention of current counsel in response to his arrest by the Department of Homeland Security. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715-16 (2d Cir. 2007).

The BIA did not err in rejecting his argument that he was unaware of his former counsel's ineffective assistance because of his limited English. To the contrary, Sun was aware of the issues that form the basis for his allegations of ineffective

3

assistance because they were explicitly discussed with him through an interpreter at his hearing before an immigration judge.

Accordingly, the BIA did not err in finding that Sun failed to demonstrate due diligence. That determination was dispositive of Sun's ineffective assistance of counsel claim, and we need not consider the BIA's alternative dispositive determination that Sun failed to demonstrate that he was prejudiced by his former counsel's purportedly ineffective assistance. *See Rashid*, 533 F.3d at 131; *see also Rabiu v. INS*, 41 F.3d 879, 882-83 (2d Cir. 1994).

Nevertheless, we note that Sun's allegations of ineffective assistance did not impact several of the IJ's findings, which remain as valid bases for the agency's underlying adverse credibility determination. Furthermore, as the BIA found, there is no merit to Sun's assertion that he was prejudiced (his credibility damaged) by his former counsel's failure to submit his wife's family planning booklet. That booklet is inconsistent with Sun's testimony, and thus would have supported the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that an adverse credibility determination may be based on record

4

inconsistencies); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). Therefore, as the IJ's adverse credibility findings remain largely untouched by Sun's allegations of ineffective assistance, the BIA did not err in finding that Sun failed to establish that he was prejudiced as required to succeed on his ineffective assistance claim. *See Rabiu*, 41 F.3d at 882-83.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk